**NOT FOR PUBLICATION**

FILED

DEC 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD L. NELSON, | No.    15-73548 |
| Petitioner, | ARB Case No. 13-075 |
| v. | Department of Labor |
| U.S. DEPARTMENT OF LABOR, | MEMORANDUM[*] |
| Respondent, | |
| ENERGY NORTHWEST, | |
| Respondent-Intervenor. | |

On Petition for Review of an Order of the
Department of Labor

Submitted December 8, 2017[**]
Seattle, Washington

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: TALLMAN and WATFORD, Circuit Judges, and BENITEZ,*** District Judge.

**1.** The Administrative Review Board (ARB) properly affirmed the Administrative Law Judge's (ALJ) dismissal of Richard Nelson's claim under the Energy Reorganization Act, 42 U.S.C. § 5851. Section 5851 "protects energy workers who report or otherwise act upon safety concerns." *Sanders v. Energy Northwest*, 812 F.3d 1193, 1196 (9th Cir. 2016). Nelson's retaliation claim rests on a catch-all provision, which protects employees who participate "in any other action to carry out the purposes of" the Act. 42 U.S.C. § 5851(a)(1)(F).

To establish a prima facie case of retaliation, Nelson must show that: (1) he engaged in a protected activity; (2) Energy Northwest knew or suspected that he engaged in the protected activity; (3) he suffered an adverse action; and (4) the circumstances were sufficient to raise the inference that the protected activity was a contributing factor in the adverse action. *Sanders*, 812 F.3d at 1197. Nelson argues that his participation in a "security investigation," in which he refused to confirm Energy Northwest's accusations of wrongdoing, constitutes protected activity under the Act. We find that argument unpersuasive.

---

&ast;&ast;&ast; The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

Conduct within the scope of the Act's protection must have "a sufficient nexus to a concrete, ongoing safety concern." *Id*. at 1198. Here, Energy Northwest's investigation was primarily concerned with internal reports of improper per diem practices and unauthorized travel expenses, not safety or security issues. Substantial evidence supports the ALJ's conclusion, as affirmed by the ARB, that Nelson never raised a safety or security issue during the investigation. Nelson's conduct was therefore not protected activity under the Act.

Because Nelson did not engage in protected activity, we need not address the other elements of his retaliation claim. The ARB properly affirmed the ALJ's dismissal of his claim.

**PETITION FOR REVIEW DENIED.**